CASE 6—PETITION EQUITY—DECEMBER 12.

# Dent and wife vs. Breckinridge, &c.

**APPEAL FROM LOUISVILLE CHANCERY COURT.**

Land purchased and paid for by a husband was, at his instance, conveyed to his wife, for her separate use during her life, and at her death to revert to the heirs of the husband, she to have power to sell and convey the land at any time, and to make as perfect a title as if she owned it in fee. *Held*—That as the husband was donor of the land, his consent authorized the wife to convey it, under sec. 17, art. 4, ch. 47, *Rev. Stat.*, and that his consent was sufficiently shown by executing the conveyance.

RIPLEY & THOMPSON, for appellants, cited 1 *Co. Lyt.*, 203 ; 1 *Lead. Cas. Eq.*, 412; 5 *B. M.*, 116; 14 *B. M.*, 247 ; 2 *Met.*, 507; 18 *B. M.*, 368; 2 *Rev. Stat., p.* 32 ; 17 *B. M.*, 55.

M. BIJUR and W. W. FRY, for appellees, cited 17 *B. Mon.*, 58; 3 *Met.*, 524.

CHIEF JUSTICE BULLITT DELIVERED THE OPINION OF THE COURT:

Preuss, in the year 1864, conveyed to Sarah, the wife of Henry Dent, a lot of land, "upon this condition, namely, that said Sarah is to have and to hold said lot of land to her own separate use during her life, and at her death said land shall revert to the heirs of the said Henry Dent; provided, nevertheless, that the said Sarah shall have full power, at any time, to sell and convey said lot of land, with all the appurtenances, and make as full, perfect, and complete a title to the purchaser thereof, as though she owned said land in fee simple, without any limitation or restriction whatever."

The land was purchased by Henry Dent, who paid for it with his own funds, and caused it to be conveyed to his wife. Dent and wife, having agreed to convey the land to Breckinridge, tendered to him a deed, which he refused to accept, upon the alleged ground that they could not convey the title; and they brought this action for an enforcement of the contract.

It is contended that a conveyance of the land is forbidden by *sec.* 17, *art.* 4, *ch.* 47, *of the Revised Statutes*, which declares that "if real or personal estate be hereafter conveyed or devised for the separate use of a married woman, or for that of an unmarried woman, to the exclusion of any husband she may thereafter have, she shall not alienate such estate with or without the consent of any husband she may have; but may do so, when it is a gift, with the consent of the donor or his personal representative."

It is obvious that the statute does not affect Mrs. Dent's power of sale, so far as it relates to the contingent interest of Henry Dent's heirs. The only question is, as to her power to convey her life estate.

It is contended that the statute does not apply to the case, because the deed, though it gives her a separate estate, does not declare, in the language of the statute, that she shall hold it "to the exclusion of any husband she may thereafter have." But, in our opinion, those words of the statute are applicable only to conveyances to unmarried women. As Mrs. Dent was married at the time of the conveyance, and as it gave her a separate estate, she holds it subject to the provisions of the statute.

But, though the property was conveyed to her by Preuss, it was given to her by her husband, who purchased it, and paid for it, and caused it to be conveyed to her. His consent, not as husband, but as donor, authorized her to convey it. And his consent was sufficiently shown by his execution of the deed which was tendered to Breckinridge.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.